UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES RODENBUSH,                          )
                                          )
                Plaintiff,                )
                                          )
        v.                                )        No. 1:25-cv-02230-MPB-MKK
                                          )
TRUSTEES OF INDIANA UNIVERSITY,           )
                                          )
                Defendant.                )

**ORDER TO SHOW CAUSE**

Plaintiff James Rodenbush sued Defendant Trustees of Indiana University ("Trustees"),

alleging violations of his First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 as

well as his rights under the Indiana Constitution. (Docket No. 1). Upon consideration of the

pending motions in this case, the Court identified a potential jurisdictional barrier to the pursuit

of Rodenbush's claims—the Eleventh Amendment.

Defendant Trustees is a state agency entitled to Eleventh Amendment immunity. *See*

*Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695–97 (7th Cir.

2007); *Wasserman v. Purdue Univ. ex rel. Jischke*, 431 F. Supp. 2d 911, 916 (N.D. Ind. 2006)

("[T]he Board of Trustees . . . is immune to suit. [Plaintiff] did not name the individual members

of the Board of Trustees, in their official or individual capacities. Because [the university] has

not waived that immunity, the Eleventh Amendment precludes this court from exercising

jurisdiction.").

Three exceptions to Eleventh Amendment immunity exist: suits against state officials

seeking prospective equitable relief, *Ex parte Young*, 209 U.S. 123, 159–60 (1908); where

Congress has abrogated a state's immunity through its legislative authority, *Alden v. Maine*, 527

U.S. 706, 756 (1999); and where a state has waived immunity or consented to suit in federal court, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999). But none of these exceptions seems to apply.

Rodenbush does not allege he is suing the individual Trustees in their official capacity. To be sure, Rodenbush alleges that Defendant Trustees is the "legal name of the public educational institution under the laws of the State of Indiana," and "it is comprised of nine members, and they, as a Board, have the responsibility . . . to govern the University." (Docket No. 1 at ECF p. 2). So there is no indication that Rodenbush's claims fall under *Ex parte Young*. And Congress has not abrogated state immunity with respect to § 1983 actions. *Kroll v. Bd. of Trs. of Univ. of Ill.*, 934 F.2d 904, 909 (7th Cir. 1991).

Defendant Trustees has also not waived Eleventh Amendment immunity. Defendant notes the application of the Eleventh Amendment in their Brief in Support of Dismissal, albeit in a footnote and with respect to damages for purposes of § 1983. (Docket No. 20 at ECF p. 9 n.4). The Eleventh Amendment bar, however, precludes this Court from exercising jurisdiction over any claim against a state agency, *Mulligan v. Ind. Univ. Bd. of Trs.*, No. 1:19-cv-1834, 2021 WL 1225929, at *3 (S.D. Ind. Mar. 31, 2021), regardless of whether a party first raised the jurisdictional issue, *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 534 (7th Cir. 2022) ("The Eleventh Amendment is unusual in that it does not strictly involve subject matter jurisdiction and is thus waivable, but a court may raise the issue itself.") (citation modified).

Given that the Eleventh Amendment may bar all claims of relief against Defendant Trustees, the Court is unable to determine whether it has jurisdiction. *See Peirick*, 510 F.3d at 695–97 & n.6; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding the Eleventh Amendment applies "to state-law claims brought into federal court under

pendent jurisdiction"). And a federal court always has a responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

Accordingly, the Court **ORDERS the parties to show cause** why the Court should not dismiss the Complaint for want of jurisdiction. Rodenbush shall file a brief that addresses this issue within **twenty-one days of the date of this Order**. Defendant Trustees shall have twenty-one days from the date Rodenbush files his brief to respond. Rodenbush shall have seven days after that date to reply. If upon consideration of the parties' briefing it is clear that a jurisdictional problem remains, the Court will dismiss the Complaint for lack of jurisdiction and grant leave to amend.

**IT IS SO ORDERED.**

Dated: March 31, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.